Donna C. STEARNS, Individually and as Executrix of the Estate of Arthur J. Stearns, deceased, Plaintiff-Appellant, Cross Appellee,

v.

JOHNS–MANVILLE SALES CORP., et al., Defendants-Appellees, Cross Appellants.

Nos. 84–3382, 84–3412.

United States Court of Appeals, Sixth Circuit.

Argued June 6, 1985.

Decided Aug. 16, 1985.

---

Robert E. Sweeney, Robert P. Sweeney, Thomas H. Terry, III, argued, Robert E. Sweeney Co., L.P.A., Cleveland, Ohio, for plaintiff-appellant, cross appellee.

Randall L. Solomon, Cleveland, Ohio, for GAF Corp.

Robert G. Quandt, Joseph R. Tira, Beth A. Sebaugh, Cleveland, Ohio, for Armstrong World.

Richard J. Disantis, Cleveland, Ohio, for Raymark.

Thomas A. Dugan, Cleveland, Ohio, for Nicolet, Inc.

Richard G. Hardy, argued, L. Edward York, Cleveland, Ohio, for Forty-Eight Insulations.

Before MERRITT and KENNEDY, Circuit Judges, and WEICK, Senior Circuit Judge.

WEICK, Senior Circuit Judge.

This diversity action presents the controlling issue of whether Ohio's comparative negligence statute, Ohio Revised Code § 2315.19, applies in strict liability actions and if so, whether the district court properly construed and applied the provisions of the statute in the case at bar.

On November 6, 1979, Arthur J. Stearns filed a complaint alleging personal injuries resulting from exposure to asbestos and asbestos containing materials manufactured, sold or distributed by several named defendants. After Mr. Stearns died in January, 1980, Donna C. Stearns, the executrix of his estate, filed an amended complaint, individually and on behalf of the estate, alleging that asbestos exposure caused the disease which resulted in Mr. Stearns' death within the scope of Ohio's wrongful death statute.

Stearns' complaint asserted various causes of action including negligence, breach of warranty and strict liability in tort, but she ultimately agreed to proceed only with her claims based on strict liability in tort. The defendants generally denied that their respective products were defective, denied that their products proximately caused Mr. Stearns' illness or death, and asserted affirmative defenses including, among others, contributory negligence and assumption of risk.

During the course of proceedings, two of the defendants, Johns-Manville and Unarco Industries, filed petitions in Bankruptcy and proceedings against them were stayed pursuant to 11 U.S.C. § 362(a). Several other defendants entered into out of court settlements with Stearns and two defendants were dismissed for lack of personal jurisdiction. Accordingly, six of the original fourteen defendants remain parties to this action.

The parties filed trial briefs addressing the central trial issues of whether Ohio's comparative negligence statute, Ohio Rev. Code Ann. § 2315.19 (Page 1981), applied to Stearns' strict liability in tort claim and whether several or joint and several liability should govern this case. Hearings on these issues were held on January 16 and 17, 1984. The court determined that the comparative negligence statute applied and that the defendants would each be liable for their proportionate share of fault, as defined in § 2315.19. The district court certified this matter for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Stearns then sought permission for leave to

appeal and defendants asserted a cross appeal in their answer to Stearns' petition. These petitions were granted by this court by order dated May 11, 1984.

Stearns challenges the district court's ruling that § 2315.19 applies to her strict liability action. We agree and hold, consistent with our decision and reasoning in *Bailey v. V & O Press Co.*, 770 F.2d 601 (6th Cir.1985), that the statute, which on its face is limited to negligence actions, does not apply in actions based on strict liability in tort.

In addition, Stearns and the defendants challenge various aspects of the district court's construction and application of the statutory provisions. We need not address these concerns in light of our holding that the statute does not apply in this case. *See* C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3529.1 (2d ed. 1984); *See also Environmental Defense Fund v. Alexander*, 614 F.2d 474, 480 (5th Cir.), *cert. denied*, 449 U.S. 919, 101 S.Ct. 316, 66 L.Ed.2d 146 (1980) (refusing to give unnecessary advisory opinion). We therefore reverse the decision of the district court and remand for further proceedings consistent with our decision in *Bailey*.