914 F.2d 270
 16 U.S.P.Q.2d 1314
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Martin W. VERBRUGGEN, Appellant,
v.
Martin A. WELLS, Appellee.
 No. 90-1134.
 United States Court of Appeals, Federal Circuit.
 Aug. 10, 1990.
 
 Before NIES, Chief Judge,* COWEN, Senior Circuit Judge, and GARRETT E. BROWN, Jr., District Judge.**
 DECISION
 NIES, Chief Judge.
 
 
 1
 Martin W. Verbruggen appeals from the final decision of the Board of Patent Appeals and Interferences in Interference No. 101,537, holding that claims 1-8 of U.S. Patent No. 4,406,299 are unpatentable to Verbruggen, that claims 1-10 of reissue application No. 657,441 are patentable to Martin A. Wells, and that proposed new claims 11-36 are unpatentable. We affirm.
 
 OPINION
 A. Patentability of Wells' claims 11-36
 
 2
 The Board determined that claims 11-36 were unpatentable to Wells because the reissue application included broadening claim language more than two years after the date of the grant of the original patent in contravention of section 251 and Wells has not appealed that determination. Verbruggen seeks to have this court find these claims unpatentable for other reasons as well, namely that they are inadequately supported in the original application under 35 U.S.C. Sec. 112 (1988) and that they were not omitted from the original application "through error." Verbruggen suggests that if we fail to rule on these additionally asserted grounds, what will happen is that when the Wells' application returns to ex parte prosecution, Wells will simply amend the claims to narrow the current overbroad language and the narrowed claims will be allowed, without anyone being able to contest the improper allowance. We do not share Verbruggen's clear view of future events. Nothing would prevent the examiner, if Wells amends, from considering the patentability issues raised by Verbruggen and rejecting the claims on these or even alternative grounds. Moreover, nothing in the Board's decision or the decision of this court precludes anyone who is accused of infringing the amended claims from raising these arguments as to the claims' invalidity. To decide whether invalid claims 11-36, if amended, would be invalid on other grounds amounts to issuing an advisory opinion which would contravene our judicial power as an Article III court. See, e.g., Stearns v. Johns-Manville Sales Corp., 770 F.2d 599, 601 (6th Cir.1985); Hamman v. Southwestern Gas Pipeline, Inc., 721 F.2d 140, 143-44 (5th Cir.1983); Environmental Defense Fund v. Alexander, 614 F.2d 474, 480 (5th Cir.) cert. denied, 449 U.S. 919 (1980).
 
 
 3
 B. Separate Patentability of Verbruggen's claims
 
 
 4
 Verbruggen first argues that the board erred in placing the burden on him of establishing the patentability of his claims 1-8 over the claims allowed to Wells. Verbruggen cites Martin v. Mayer, 823 F.2d 500, 3 USPQ2d 1333 (Fed.Cir.1987), for the proposition that the copier of claims in an interference, here Wells, has the burden of establishing his "right to make" the copied claim by clear and convincing evidence, and concludes that because Wells' claims 11-36 essentially copied Verbruggen's claims the board erred in assigning to Verbruggen the burden of proof that his claims are patentably distinct from Wells'.
 
 
 5
 We agree with the board that Verbruggen mischaracterizes the issue, seeking to conflate the question of whether an "interference-in-fact" exists into the question of Wells' "right to make" the claims which correspond to the subject interference count. See Squires v. Corbett, 560 F.2d 424, 434, 194 USPQ 513, 520 (CCPA 1977). Wells' "right to make" turns on whether Wells' 90-1134 disclosure adequately supports Wells' claims in accordance with section 112. Id., 194 USPQ at 520. Verbruggen originally contested the adequacy of support for all of Wells' claims before the examiner, but dropped this assertion as to Wells' claims 1-10, the claims carried over unchanged to the '441 reissue from the original U.S. Patent No. 4,308,024. Thus, Wells' "right to make" the interference count with respect to claims 1-10 is undisputed.
 
 
 6
 In actuality, Verbruggen seeks to establish that his claims are separately patentable, or "patentably distinct", from Wells' claims 1-10. The board properly characterized this inquiry as whether an interference-in-fact is presented and properly placed the burden of proof on Verbruggen. An interference-in-fact is present when "at least one claim of a party which corresponds to a count and at least one claim of an opponent which corresponds to the count define the same patentable invention." 37 CFR Sec. 1.601(j) (1988). The burden of proving the absence of an interference-in-fact is on the party seeking to establish separate patentability. Case v. CPC Int'l, Inc., 730 F.2d 745, 750, 221 USPQ 196, 200 (Fed.Cir.) cert. denied, 469 U.S. 872 (1984); Aelony v. Arni, 547 F.2d 566, 571, 192 USPQ 486, 490 (CCPA 1977). To establish that Verbruggen's invention is a "separate patentable invention" requires a showing that the invention is "new (35 USC 102) and nonobvious (35 USC 103)" in view of Wells' invention assuming Wells' invention to be prior art. See 37 CFR Sec. 1.601(n) (1988).
 
 
 7
 Verbruggen argues, nevertheless, that sufficient evidence to establish separate patentability was put forth. Verbruggen 90-1134 points to no evidence affirmatively showing that "unexpected results" are achieved using the narrower range of fabric softening compositions contained in its claims in comparison to the generic claim 1 of Wells. Verbruggen initially argues that his claims are separately patentable because Wells' claim 1 encompasses a broader range of compositions in some respects and a narrower range of compositions in other respects when compared with Verbruggen's claims. In short, Verbruggen argues that the ranges of compositions are not identical and that his claimed range is not completely subsumed by Wells'. While this assertion is correct, we agree with the board that it is clearly not sufficient to establish separate patentability to merely state that the claims are not identical or completely subsumed. What is needed is evidence showing that the incomplete overlap between the claims (inventions) results in patentable distinctness.
 
 
 8
 To this end, Verbruggen argues that Wells supplies no motivation for the selection of the specific proportions of cationic surfactant and fatty acid in Verbruggen's claims. The evidence Verbruggen points to from Wells' specification, however, consists only of Verbruggen's view of what the examples listed teach, and of ambiguous, isolated passages. We are not persuaded that the board's different view of Wells' teachings was clearly erroneous. Thus, Verbruggen has failed to show that his specific range defines a separately patentable invention from the invention claimed in Wells (is nonobvious in light of Wells) is in error.
 
 
 9
 In light of the foregoing, we need not address the issue whether the board correctly held Verbruggen's claims unpatentable on the ground of estoppel pursuant to 37 CFR Sec. 1.605(a) (1988).
 
 
 
 *
 Chief Judge Nies assumed the position of Chief Judge on June 27, 1990
 
 
 **
 The Honorable Garrett E. Brown, Jr., District Judge for the United States District Court, District of New Jersey, sitting by designation